JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

FILED

Apr 20 2021
11:31 am

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY       s/ emilybl        DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Jarray Lee, Individually and on Behalf of All Others Similarly Situated

Against

MIDLAND CREDIT MANAGEMENT, INC., AND JOHN DOES 1-25

Case No.: '21 CV 0770 BEN DEB

**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

Plaintiff  Jaray Lee (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through his attorney, against Defendants Midland Credit Management, Inc. (hereinafter Defendant "MCM") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1

2

3

## **INTRODUCTION/PRELIMINARY STATEMENT**

4

    1.    Congress enacted the Fair Debt Collection Practices Act (the

5

"FDCPA") in 1977 in response to the "abundant evidence of the use of abusive,

6

deceptive, and unfair debt collection practices by many debt collectors." 15

7

8

U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt

9

collection practices contribute to the number of personal bankruptcies, to

10

material instability, to the loss of jobs, and to invasions of individual privacy."

11

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect

12

consumers," and that "'the effective collection of debts' does not require

13

14

'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§

15

16

1692(b) & (c).

17

    2.    Congress explained that the purpose of the Act was not only to

18

eliminate abusive debt collection practices, but also to "insure that those debt

19

20

collectors who refrain from using abusive debt collection practices are not

21

competitively disadvantaged." Id. § 1692(e). "After determining that the existing

22

consumer protection laws ·were inadequate." Id. l692(b), Congress gave

23

24

consumers a private cause of action against debt collectors who fail to comply

25

with the Act. Id. § 1692k.

26

27

28

## **JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.*  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is the judicial district in which the defendant resides.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Kansas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of Kansas, County of Wyandotte, residing at 4324 N 106th Terrace, Kansas City, KS 66109.

8.     Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their registered agent, Corporation Service Company Which Will Do Business in California as CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

9.     Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

10.   Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.   The Class consists of:

    a.  all individuals with addresses in the State of Kansas;

    b.  to whom Defendant MCM, in response to a consumer's request for debt validation

    c.  sent validation documents to the consumer containing accounts unrelated to the dispute and continued collection efforts

    d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.   The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.   Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.   There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual

class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692g, 1692e.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e, 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common

to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.    Some time prior to January 26, 2021, an obligation was allegedly incurred to creditor Synchrony Bank

21.    The Synchrony Bank obligation arose out of transactions incurred primarily for personal, family or household purposes, specifically for Paypal Credit.

22.    The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.    Synchrony Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24.    Synchrony Bank debt purportedly sold the alleged debt to Defendant MCM who is collecting the alleged debt.

*Violation – January 26, 2021 Collection Letter*

25.    On or about January 26, 2021, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Synchrony Bank.  See Letter attached as Exhibit A.

26.   When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing -

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the

name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

27.   The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

28.   In response to this initial communication letter, Plaintiff asserted his "g-notice" rights, and requested validation prior to January 26, 2021.

29.   In response to the dispute, Defendant sent a response, however the response included statements from accounts that were not part of the dispute at all.

30.   The dispute was regarding an individual Account ending in 3850, and the response sent statements regarding an account ending in 8077.

31.   Plaintiff could not accurately validate his disputed debt because the account statements were not related to his validation request.

32.   Defendant falsely and misleadingly attempted to validate Plaintiff's dispute with incorrect information and never properly validated Plaintiff's dispute.

33.   Defendant was required to cease collection until the Plaintiff was provided with proper validation of the alleged debt.

34.   Defendant failed to honor the validation request and continued collection efforts.

35.   As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

36.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

38.   Pursuant to 15 U.S.C. §1692g(b), If a consumer notifies the debt collector in writing, within the thirty day validation period, a debt collector shall cease collection of the debt until the debt collector obtains verification of the debt.

39.   The Defendant violated said section by continuing collection activities after Plaintiff had previously asserted his "g notice" rights, and requested validation from the Defendant.

40.   Defendant was required to cease collection until the Plaintiff was provided with validation of the alleged debt.

41.   Defendant failed to cease collection efforts and continued collections.

42.   Defendant failed to provide the Plaintiff with any form of validation prior to continuing to collect the debt.

43.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

44.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45.   Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46.   Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47.   Defendant violated §1692e:

a.  By making a false and misleading representation in the collection of a debt violation of §1692e(10).

48.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jarray Lee, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM and as follows:

a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

b)     Awarding Plaintiff and the Class statutory damages;

c)     Awarding Plaintiff and the Class actual damages;

d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)     Awarding pre-judgment interest and post-judgment interest; and

f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  April 19, 2021

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By:     _____*/s/ Jonathan A Stieglitz*_____
Jonathan A Stieglitz